# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DEMETRIUS D. CALDWELL, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| EDWARD L. MCRIGHT, JR., | ) Case No.: 2:17-cv-00851-JHE |
| Defendant | ) |
| v. | ) |
| DENNIS CARLIN, III, et al. | ) |
| Third-Party Defendants. | ) |

## MEMORANDUM OPINION[1]

This is a diversity action alleging various Alabama state law claims against Defendant/Third-Party Plaintiff Edward L. McRight, Jr., ("McRight"), all stemming from a divorce proceeding in which McRight represented Plaintiff Rosemarie Awtrey as counsel. (Doc. 1). On July 13, 2017, McRight answered the complaint and filed a counterclaim against Rosemarie Awtrey and a third-party complaint against the Third-Party Defendants Dennis Carlin, III ("Carlin") and All Star Land, LLC ("All Star Land"). (Doc. 9). The Third-Party Defendants have moved to dismiss the third-party complaint. (Doc. 16). McRight responded in opposition, (doc.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 25).

23), and the Third-Party Defendants replied, (doc. 24). The motion is fully briefed and ripe for review. For the reasons stated more fully below, the motion to dismiss is **DENIED**.

### I. Standard of Review[2]

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557, 127 S. Ct. 1955). Additionally, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content

---

[2] The motion to dismiss presents seven arguments for dismissal, most (but not all) of which appear to be based on Rule 12(b)(6). Therefore, this section sets out the standard of review for a motion to dismiss based on that Rule. To the extent other Rules are implicated, the appropriate standard is set out in the analysis of the argument implicating it.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950.

The court accepts all factual allegations as true on a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950.

## II. Background[3]

McRight, an attorney, represented Rosemarie Awtrey from June 2013 to March 4, 2014 in her divorce from her husband, Al Awtrey. (Doc. 9 at ¶ 76). After the divorce was finalized, Al Awtrey filed post-trial motions, and Rosemarie Awtrey asked McRight to represent her in connection with those motions. (*Id.* at ¶ 78-79). McRight refused, believing he had conflicts of interest, and Rosemarie Awtrey retained other counsel. (*Id.* at ¶ 79). In August 2014, Al Awtrey died, and one of his daughters continued to prosecute the post-trial motions on behalf of his estate. (*Id.* at ¶ 80).

---

[3] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In other words, these "facts" are taken directly from the third-party complaint.

In December 2015, Rosemarie Awtrey invited McRight to dinner at the Bright Star Restaurant in Bessemer, where she revealed to him that she had been untruthful with him during the divorce proceedings concerning her assets and property interests. (*Id.* at ¶¶ 81-83). Rosemarie Awtrey had provided false statements in response to Al Awtrey's interrogatories and requests for production, which had been submitted by McRight. (*Id.* at ¶ 84). Specifically, Rosemarie Awtrey had lied about the amount of debt owed by All Star Land, a land investment. (*Id.* at ¶ 85). She also admitted All Star Land's financial statement, submitted in response to the requests for production, was fraudulent and that the fraudulent statement had been approved by All Star Land's members, including Carlin (who is Rosemarie Awtrey's son), in order to suppress from McRight, Al Awtrey, and Al Awtrey's lawyer the fact that its debt would be substantially reduced by the time the divorce was complete. (*Id.* at ¶ 86-87, 93).

Based on the misrepresentations, McRight's third-party complaint alleges separate counts of fraud against Carlin and All Star Land, as well as a count of civil conspiracy against both Third-Party Defendants. (*Id.* at ¶¶ 152-171).

### III. Analysis

The Third-Party Defendants offer—with no citation to any authority—seven bases for dismissal (styled "First Defense," "Second Defense," and so on).[4] The title of their motion states it seeks dismissal "pursuant to Rule 12 and Rule 9(e) of the Federal Rules of Civil Procedure." (Doc. 16 at 1). Although they never specify which subparts of Rule 12 they rely on to support dismissal of McRight's third-party complaint, it appears the first, third, and seventh "defenses"

---

[4] Unfortunately, McRight's opposition brief *also* lacks any citations to law beyond general references to *Iqbal* and *Twombly*.

seek dismissal for failure to state a claim pursuant to Rule 12(b)(6); the second, fourth, and fifth "defenses" seek dismissal for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1); and the sixth "defense" seeks dismissal pursuant to Rule 9(e). However, the arguments they make do not necessarily line up with these provisions, so the undersigned will address the "defenses" individually (apart from the second and fifth, which are addressed together).[5]

### A. First "Defense"

The Third-Party Defendants first argue McRight's third-party complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, offering the pronouncement that "[t]here can be no legal basis for the cause of action asserted because no relationships or rights exist to support them [sic]." (Doc. 16 at 3-4). They base this assertion on the fact that All Star Land and Carlin were not parties to the Awtreys' divorce and on an unauthenticated exhibit they attach to the motion that purports to be a release of Al Awtrey's claims against the Third-Party Defendants. (*Id.* at 4, 29-31).

As a preliminary matter, Rule 12(b)(6) generally limits the Court's review to "the four corners of the complaint," (or, in this case, the third-party complaint). *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). The release the Third-Party Defendants rely on is outside the pleadings. Rule 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated

---

[5] The Third-Party Defendants appear to challenge the civil conspiracy claim only to the extent it is predicated on the fraud claims. Under Alabama law, because "[c]onspiracy is not an independent cause of action . . . when alleging conspiracy, a plaintiff must have a viable underlying cause of action." *Drill Parts & Serv. Co. v. Joy Mfg. Co.*, 619 So. 2d 1280, 1290 (Ala. 1993). Therefore, the undersigned considers the resolution of the Third-Party Defendants' challenge to the fraud claims as dispositive of any challenge they make to the civil conspiracy claim; the analysis below addresses only the fraud claims.

5

as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." "The court has discretion as to whether to accept material beyond the pleading that is offered in conjunction with a 12(b)(6) motion. However, once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment." *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir.1985) (citation omitted). To "exclude" evidence, a court may simply decline to consider it; no more formal step is necessary. *Harper v. Lawrence County*., 592 F.3d 1227, 1232 (11th Cir. 2010).

The purported release was executed by Al Awtrey. (Doc. 16 at 30). The significance of the release is unclear from the Third-Party Defendants' motion except to the extent they appear to mistakenly believe McRight alleges claims on behalf of Al Awtrey in addition to himself, (*see* doc. 24 at 4). For example, the Third-Party Defendants offer no argument why McRight, who is undisputedly not a party to the release, would be bound by it—if that is what they believe. Nor do they illustrate how McRight's claims in this action, which are founded on injuries personal to him, are affected by a release between Al Awtrey and the Third-Party Defendants—if *that* is what they believe. Absent any argument or authority for the Third-Party Defendants' claims, the undersigned finds the release is immaterial to the resolution of the motion to dismiss; thus, there is no need to convert the motion to dismiss to a motion for summary judgment.[6]

---

[6] McRight bases his opposition to this "defense" on the fact that he alleges that this release was procured by fraud and is unenforceable, which is similar to arguments he makes opposing other "defenses." (Doc. 23 at 4-5). Because the undersigned declines to consider the release, there is no need to reach the issue of whether it is enforceable.

Leaving aside the existence and effect of the release, the Third-Party Defendants' arguments are incorrect as a matter of Alabama law. It does not follow that they could not have defrauded McRight solely from the fact that they were nonparties to the action in which the fraud occurred, which is the claim they appear to advance, because under Alabama law, "[i]t is not necessary to an action for misrepresentation that there be a contractual relationship between the representor and the person deceived . . . Although Alabama law recognizes that persons who are not parties to a particular transaction generally have no right of action [for fraud occurring during that transaction], there is an exception to this general rule: [i]f a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place." *Kinney v. Williams*, 886 So. 2d 753, 755 (Ala. 2003) (internal quotation marks and citations omitted). McRight alleges he was induced by the Third-Party Defendants through their willful misrepresentations into filing fraudulent discovery responses, which damaged his professional reputation and caused him financial and emotional harm, (doc. 9 at ¶¶ 152-167), and that their efforts to defraud him in this way constitute a civil conspiracy, (*id.* at ¶¶ 168-171).[7] This is sufficient to bring McRight's complaint within the scope of the exception. It is unnecessary that McRight also allege a contractual relationship or privity between himself and the Third-Party

---

[7] Incidentally, this answers the Third-Party Defendants' rhetorical question in their reply as to how relief could be granted to McRight in this action without invalidating the various orders and releases in other transactions, (doc. 24 at 6): he could receive relief for the categories of damages he claims. While the Third-Party Defendants also attempt to assert for the first time in their reply that McRight has insufficiently alleged his damages, (doc. 24 at 3), "[a]rguments raised for the first time in a reply brief are not properly before a reviewing court." *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (quoting United States v. Coy, 19 F.3d 629, 632 n. 7 (11th Cir. 1994)).

Defendants when none is required, and his claims are not due to be dismissed because they lack such an allegation.

**B. Second and Fifth "Defenses"**

The Third-Party Defendants offer three arguments for lack of subject-matter jurisdiction by this court: the court lacks jurisdiction over "issues already resolved in a state court divorce action in which a final order has been entered and releases executed," (doc. 16 at 4); the final order closing Al Awtrey's estate deprives the court of jurisdiction; and the statute of limitations has passed on McRight's claims. The first two of these—the second and fifth "defenses," respectively—are addressed together here, while the statute of limitations is addressed separately.

The Third-Party Defendants' arguments are potentially strained references to the *Rooker-Feldman* doctrine, although it is impossible to tell for certain as they cite no authority. The *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). But McRight was not a party to the Awtreys' divorce, and *Rooker-Feldman* does not bar claims by a nonparty to the earlier state action. *Johnson v. De Grandy*, 512 U.S. 997, 1005–1006 (1994). Nor do the Third-Party Defendants make any argument why McRight's claims against them would be barred by "the mediated mutual releases and Final Order of the Jefferson County Circuit Court, Bessemer Division, on or about June 15, 2015, regarding any and all claims ***between Rosemarie Awtrey and Albert Awtrey, deceased and his subsequent Estate*** . . . ." (Doc. 16 at 6) (emphasis added). Again, there is nothing to suggest McRight was a party bound by that order, and the Third-Party

8

Defendants' reliance on the *Rooker-Feldman* doctrine—if in fact they rely on it at all—is misplaced.

**C. Third "Defense"**

The third "defense" is the doctrine of judicial estoppel. "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). Judicial estoppel "an equitable doctrine invoked by a court at its discretion." *Id.* at 750 (citation omitted). While the doctrine is flexible, it generally requires the court consider: (1) whether a party has taken a position "clearly inconsistent" with its earlier position; (2) whether that party successfully convinced a court of its earlier position such that accepting the new position would "create the perception that either the first or the second court was misled"; and (3) whether the party asserting the inconsistent position would receive an unfair advantage (or work an unfair determiner on the opposing party) from doing so. *Id.* at 750-51.

The Third-Party Defendants offer no reason to invoke this doctrine beyond the existence of the final order of divorce in the Awtrey's divorce. They offer nothing to indicate, for example, the doctrine of judicial estoppel applies (or should apply) to a person who was an attorney in the first proceeding and is a party claiming damages on behalf of himself in the second proceeding. Nor do they identify an inconsistent position McRight took between the two proceedings or argue the unfairness of allowing McRight to assert an inconsistent position. Faced with this inadequate argument, the undersigned declines to find McRight judicially estopped from asserting his claims in this action.

**D. Fourth "Defense"**

The Third-Party Defendants couch their fourth "defense," a statute of limitations argument, as a question of subject-matter jurisdiction. They are mistaken; the statute of limitations is a non-jurisdictional affirmative defense. *See In re Pugh*, 158 F.3d 530, 533–34 (11th Cir. 1998). When an affirmative defense (such as the statute of limitations) appears on the face of the complaint, it may be subject to dismissal under Rule 12(b)(6). *Jones v. Bock*, 549 U.S. 199, 215 (2007). However, even assuming the Third-Party Defendants had adequately presented their statute of limitations argument under Rule 12(b)(6), it misses the mark as well.

To support their argument that McRight's claims are time-barred, the Third-Party Defendants point to page 33 of McRight's combined answer, counterclaim, and third-party complaint, which they say supports the fact that McRight discovered the alleged fraud in December 2014. That page consists only of portions of Counts V and VI of McRight's counterclaim, with no factual allegations at all, much less factual allegations about what happened in December 2014. (*See* doc. 9 at 33). Taking the allegations in McRight's complaint as true, as the undersigned must at this stage of the proceedings, the only events that occurred in December 2014 were a dinner at Fleming's Steak House at which Rosemarie Awtrey gave McRight a cash gift, (*id.* at ¶ 97), and a telephone call between Rosemarie Awtrey and McRight in which she informed him of several developments unrelated to the allegations against the Third-Party Defendants, (*Id.* at ¶¶ 98-99). McRight discovered the Third-Party Defendants' fraudulent actions in December 2015, not December 2014. (*Id.* at ¶¶ 81-88). The third-party complaint was filed on July 13, 2017. (*Id.*). Under Alabama law, this was timely; the statute of limitations for fraud is two years, accruing on "the discovery by the aggrieved party of the fact constituting the fraud." ALA. CODE § 6-2-3 (1975).

The Third-Party Defendants also appear to argue McRight ought to have known of the fraud through his representation of Rosemarie Awtrey and thus ought to have discovered the fraud when the final settlement agreement was signed on March 4, 2014. (Doc. 24 at 8). This is not evident from the face of the complaint. Instead, this is a factual dispute unsuited to resolution in a motion to dismiss. *Rumford v. Valley Pest Control, Inc.*, 629 So. 2d 623, 628 (Ala. 1993) ("The question of when a party discovered or should have discovered the existence of a fraud is ordinarily one for the trier of fact."). McRight's claims are not due to be dismissed as untimely.

**E. Sixth "Defense"**

The Third-Party Defendants' sixth basis for dismissal is "the specific defense of prior judgment pursuant to Rule 9(e)." (Doc. 16 at 6-7). Rule 9 concerns itself with what a party must allege to meet its obligations for pleading certain types of matters. Specifically, Rule 9(e) provides: "In pleading a judgment or decision of a domestic or foreign court, a judicial or quasi-judicial tribunal, or a board or officer, it suffices to plead the judgment or decision without showing jurisdiction to render it." This is not a defense or a basis for dismissal, but a statement of what is *unnecessary* to plead. Notably, the only two references to the Rule in the Eleventh Circuit appear to be typographical errors. *See Georgia Farm Bureau Mut. Ins. Co. v. Great Am. Excess & Surplus Ins.Co.*, No. CIVA 1:06CV0696 JOF, 2007 WL 757816, at *4 (N.D. Ga. Mar. 8, 2007) (after a lengthy discussion of Rule 9(b), declining to dismiss based on Rule 9(e)); *Vickery v. Medtronic, Inc.*, No. CV 12-00731-CB-C, 2014 WL 12606505, at *2 (S.D. Ala. Apr. 8, 2014) (parenthetically referencing a Rule 9(e) motion after citing to *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230 (11th Cir. 2012), in which the court considered a Rule 59(e) motion). To the extent the Third-Party Defendants argue the existence of the prior judgment precludes McRight's claims, this is simply a restatement of their fifth defense and fails for the same reason—McRight was not a party to it.

**F. Seventh "Defense"**

The Third-Party Defendants' seventh and final "defense" is a blanket denial of McRight's allegations. Since those allegations must be taken as true, this is not a basis for dismissal. Additionally, the "defense" states that "McRight knew or should have known about the Albert Awtrey release . . . and that the claims he asserted by his verified complaint were unwarranted and without merit." (Doc. 16 at 7). What significance the Third-Party Defendants attach to this assertion is left unstated, but it edges towards an allegation McRight violated Rule 11 by filing the Third-Party Complaint. To whatever extent the Third-Party Defendants intend this, their motion to dismiss is inadequate to make this argument, and it will not be considered.

**IV. Conclusion**

For the foregoing reasons, the Third-Party Defendants' motion to dismiss, (doc. 16), is **DENIED**. The Third-Party Defendants are **DIRECTED** to answer the third-party complaint by **February 28, 2018**.

DONE this 7th day of February, 2018.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE